UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Elaine L. Chao, Secretary of Labor,

                    Plaintiff,

                                Civ. No. 07-1944 (RHK/AJB)
                                    **ORDER**

v.

Laser Systems Services, Inc., and the Laser
Systems Services, Inc. 401(k) Profit Sharing
Plan and Trust,

                    Defendants.

---

      This matter is before the Court on Plaintiff's Motion for Judgment of Default (Doc. No. 7).

      This is an ERISA action against a now-defunct company, Defendant Laser Systems Services, Inc. ("Laser Systems"), and its 401(k) profit-sharing plan (the "Plan"). According to Plaintiff, Laser Systems conducted business in Minnesota until 1999, when it sold its assets and ceased operations. (Compl. ¶ 7.) The Plan, which was administered by Laser Systems for the benefit of its employees, has been "orphaned" since that time and has not been formally terminated, rendering it impossible for Plan participants to obtain distributions of the funds held therein for their benefit. (Id. ¶¶ 8-9.) Plaintiff seeks an Order removing Laser Systems as the Plan's fiduciary and appointing in its place AMI Benefit Plan Administrators, Inc., which will terminate the Plan and distribute its assets to Plan participants.

      Plaintiff effected service on Laser Systems by serving the Minnesota Secretary of

State on May 2, 2007.[1]  Laser Systems failed to respond to the Complaint, and the Clerk of the Court entered Laser Systems's default on the docket on June 8, 2007.  Plaintiff now moves for a default judgment; Laser Systems has not responded to Plaintiff's Motion or otherwise appeared to defend this action.

Based on the foregoing, and all the files, records, and proceedings herein, and having concluded that the relief requested in the Complaint and in Plaintiff's Motion is both appropriate and warranted under the facts of this case, **IT IS ORDERED** that Plaintiff's Motion for Judgment of Default (Doc. No. 7) is **GRANTED.**  It is further **ORDERED** as follows:

1. Defendant Laser Systems Services, Inc. is removed from its position as Plan Administrator and Fiduciary of the Plan; and

2. AMI Benefit Plan Administrators, Inc., 230 Windsor Drive, Courtland, OH 44410, is hereby appointed as the independent fiduciary for the Plan.  The independent fiduciary shall have the following powers, duties and responsibilities:

a. The independent fiduciary shall have responsibility and authority for terminating the Plan.  Such termination shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, and the Internal Revenue Code;

---

[1] Although Plaintiff named the Plan as a Defendant in the Complaint, she voluntarily dismissed the Plan on August 1, 2007 (Doc. No. 12).

      b.     The independent fiduciary's responsibilities with respect to the termination of the Plan shall include, but not be limited to, liquidating the Plan's assets, communicating with participants regarding the termination of the Plan and their disbursal options, calculating the participant and beneficiary account balances, and filing appropriate termination papers with the Internal Revenue Service and the Department of Labor;

      c.     The independent fiduciary shall have the responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

      d.     The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

      e.     The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current Plan assets;

      f.     The independent fiduciary may retain such persons and firms, including but not limited to accountants and attorneys, as may be reasonably required to

perform its duties hereunder;

      g.    The independent fiduciary shall receive reasonable compensation for the performance of the above-enumerated duties, together with costs reasonably and necessarily incurred.  The compensation and expenses provided for herein shall be paid by the Plan; and

      h.    The independent fiduciary shall obtain a bond in an amount meeting the requirements of 29 U.S.C. § 1112.  The costs incurred by the independent fiduciary in obtaining such a bond shall by paid by the Plan.

**LET JUDGMENT BE ENTERED ACCORDINGLY.** [2]

Dated: August 29, 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[2] Plaintiff's Motion to Strike the Plan from the proposed default judgment (Doc. No. 10) is **DENIED** as moot.